NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAD BARMIL, | Civil Action No.: 11-2377 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| THE STANDARD FIRE INSURANCE COMPANY, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Standard Fire Insurance Company ("Defendant")'s Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), seeking judgment on Plaintiff Rashad Barmil ("Plaintiff")'s flood claim as stated in Count III of his Amended Complaint. [Docket Entry No. 26]. The Court has considered the submissions made by both Parties. No oral argument was heard pursuant to Fed. R. Civ. P. 78. Based on the following reasons, Defendant's Motion is **granted**.

I.  BACKGROUND

Defendant Standard Fire Insurance Company is a private insurance company and member of the Write-Your-Own ("WYO") Program created by FEMA to allow private companies to issue, under their own names as insurers, Standard Flood Insurance Policies ("SFIP"s). Plaintiff Rashad Barmil is the named insured in a SFIP issued by Defendant to insure the single family residence that he purchased in 2005, located at 106 Riverlawn Drive in the Township of Wayne, County of Passaic, New Jersey. (Am. Compl., ¶¶ 2-4).

Since the residence was in a flood zone, Plaintiff was required to purchase and maintain flood insurance on the premises, and he accordingly purchased Flood Dwelling Policy Number 6010064905 from Defendant, renewed annually beginning March 30, 2006 through and including March 30, 2011.  (Id., ¶¶ 3-4).  The aforesaid SFIP afforded coverage for flood damage up to $225,000.00 for the structure and $50,000 for contents in 2010; and for $250,000.00 for the structure and $50,000 for contents in 2011.  (Id., ¶ 5).

On or about March 17, 2010, the Passaic River flooded and Plaintiff's property sustained water damage alleged by Plaintiff to amount to approximately $200,000.00 in material and labor to repair.  (Id., ¶ 6).  On April 26, 2011, Plaintiff filed a Complaint with this Court claiming that Defendant breached its legal obligations under Plaintiff's Policy to promptly assess his flood claim and compensate him for the entire loss he suffered as a result of the March 17, 2010 flooding event. [Docket No. 1].  However, on or about March 7, 2011, the Passaic River flooded again, and Plaintiff's property sustained water damage alleged by Plaintiff to amount to approximately $300,000.00 in material and labor to repair.  Following the March 7, 2011 flooding event, Plaintiff submitted a Proof of Loss form on May 7, 2011.  (Pl. Opp'n Def. Mot. J. Pleadings, at ¶ 10).  Plaintiff then filed an Amended Complaint on May 27, 2011.  [Docket No. 7].  The Amended Complaint incorporating an additional count, Count III, claiming that Defendant again breached its legal obligations under Plaintiff's Policy when it did not indemnify Plaintiff for the full extent of his loss and damage despite Plaintiff having submitted a timely Proof of Claim to Defendant in the amount of $300,000.00.  (Am. Compl., Count III, ¶¶ 1-6).  Defendant filed an Answer to Count III of the Amended

2

Complaint on July 29, 2011, denying any liability as to that additional claim. [Docket No. 15].

Defendant brought this Motion for Partial Judgment on the Pleadings only as to Count III of Plaintiff's Amended Complaint, claiming that Plaintiff's claim regarding the May 27, 2011 flooding event is invalid for two reasons: 1) Plaintiff failed to timely file his Proof of Loss on or before the sixty-day deadline required under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); and 2) Plaintiff's Proof of Loss as untimely filed failed to provide specifications of the damaged buildings and detailed repair estimates as required under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). (Def. Mot. J. Pleadings, at 6).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Under Rule 12(c), a court must view the facts in the pleadings and any inferences drawn therefrom in the light most favorable to the nonmoving party, and the motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law." Perez v. Griffin, 304 Fed. Appx. 72, 74 (3d Cir. 2008)(citing Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004)).  A court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences or unsupported conclusions in its Rule 12(c) review.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

All actions arising out of disputes over coverage under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq., the regulations promulgated thereunder by the Federal Emergency Management Act ("FEMA"), and the federal common law.  44 C.F.R. Pt. 61, App. A(1), Art. IX; Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 807 (3d Cir. 2005).  As stated *infra*, FEMA authorizes WYO Companies to issue SFIPs and adjust SFIP claims as fiscal agents of the United States.  44 C.F.R. §§ 61.13(f), 62.23 and 42 U.S.C. § 4071(a)(1) (2003).  A WYO Company must issue SFIPS "in the form and substance of the standard arrangement" as set forth in 44 C.F.R. Part 61, Appendix A, and must handle SFIP claims by applying internal company standards in light of FEMA guidance.  44 C.F.R. § 62.23(a); Suopys, 404 F.3d at 807.  "WYO carriers may not alter, amend, or waive any provision of condition of the SFIP absent express written consent from the Federal Insurance Administrator."  Suopys, 404 F.3d at 807.  As a prerequisite to bringing an action against a WYO Company to contest a denial of coverage, an insured must perfect his obligations under the SFIP.  44 C.F.R. Pt. 61, App. A(1), Art. VII(R).  The Third Circuit strictly construes a claimant's obligations to comply with SFIP provisions: "Because any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required."  Suopys, 404 F.3d at 809 (citing Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384-85 (1947)).  The District Court of New Jersey has consistently followed the holding in Suopys, stating in Eodice v. Selective Insurance Company of America that "courts do not have the discretion to rewrite the SFIP's filing requirements," and reasserting the categorical rejection by the Suopys court of "the

contention that the representations of a WYO insurer or adjuster could waive the SFIP filing requirements." 2010 U.S. Dist. LEXIS 13090 (D.N.J. Feb. 8, 2010), at * 18.

All SFIPs require that the insured timely submit a signed and sworn Proof of Loss within sixty days of the claimed loss. 44 C.F.R. Pt. 1, App. (A)(1), art. VII(J). "The SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster." Suopys, 404 F.3d at 810 (citations omitted). This jurisdiction has moreover "repeatedly rejected claims by policy holders that a WYO Company waived, or somehow extended, the 60-day requirement absent a written waiver from FEMA." Sodi II, LLC v. Selective Insurance Company of America, 2008 U.S. Dist. LEXIS 2214 (D.N.J. Jan. 11, 2008), at *8. Therefore, an insured's failure to comply with the proof of loss provision bars recovery on an otherwise valid claim. Suopys, 404 F.3d at 810.

Defendant argues that Plaintiff's Proof of Loss filing regarding damages sustained in the March 17, 2011 flooding event must fail because Plaintiff did not file a timely Proof of Loss for any losses suffered on that date. Specifically, Defendant argues that any Proof of Loss form for said event needed to be filed on May 6, 2011, sixty days after the flooding event, but it was instead filed "after normal business hours on May 7, 2011." (Def. Mot. J. Pleadings, at 14). In the alternative, Defendant argues that Plaintiff is not entitled to coverage because Plaintiff failed to provide "the required supporting documentation and itemization, including documents verifying the alleged flood damage from the 2011 flood and detailed repair estimates," and Plaintiff also failed to provide

5

"required documentation that the repairs from [separate] 2010 and 2007 flood losses . . . had been made prior to the alleged 2011 flood event." (Id., at 7).[1]

Plaintiff does not contest that he filed the Proof of Loss form on May 7, 2011. (Pl. Opp'n Def. Mot. J. Pleadings, at ¶ 10). However, Plaintiff argues that the issue is "factual, rather than legal," and provides evidence of notifications and e-mails between himself and the adjuster assigned to his claim by Defendant, Mr. Scott Swisher. Specifically, Plaintiff argues that he had been in consistent correspondence with Mr. Swisher to coordinate the preparation of the Proof of Loss form at least beginning in March 26, 2011, that Mr. Swisher had assured him that he had "completed [his] repair estimates," and that he had been advised that he needed to "forward them to Keith Fountain for review prior to issuing . . . a proof of loss." (Id., at ¶¶ 4-6). Despite this coordination, however, Plaintiff alleges he was eventually informed that "the carrier would not allow the adjuster to provide [all requested information regarding the loss] to [him] for review, execution and submission to Standard Fire." (Id., at ¶9). After receiving a communication on April 29, 2011 from Ms. Susan Townley, the Claims Examiner at Flood Division Services for the Defendant, where Ms. Townley requested additional materials to process his claim, Plaintiff "became convinced that neither the carrier, nor its adjuster had any intention of helping [him] and [he] submitted [his] own Proof of Loss by reply email on May 7, 2011." (Id., at ¶¶ 10).

Despite Plaintiff's factual assertions regarding the context of the filing of his Proof of Loss claim, there is no dispute of material fact that Plaintiff submitted his Proof

---

[1] Because the Court agrees with Defendant that Plaintiff's claims are barred by the requirements of SFIP's proof of loss provision, the Court does not reach Defendant's arguments regarding other material not submitted as part of Plaintiff's Proof of Loss form. The Court does however note that, at Point 5 next to the "Full Cost of Repair and Replacement" portion of the Proof of Loss form, Plaintiff clearly wrote "See Report Sent to Insurance," a notation not addressed by Defendant.

of Loss form on May 7, 2011, one day after the required sixty-day limit. The Third Circuit has clearly held that the sixty-day limit must be strictly construed, "regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster." Suopys, 404 F.3d at 810 (citations omitted).

      To the extent that Plaintiff's recital of facts regarding his communications with his adjuster can be construed as an argument for estoppel based on representations made and advice given to Plaintiff by the adjuster and the carrier, that argument must also fail. The Third Circuit has held that a private party can only estop government agents from strictly enforcing the law in those extraordinary cases where the private party shows "affirmative misconduct on the part of the government officials." United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987); Miller v. Selective Insurance Company of America, 2009 U.S. Dist. LEXIS 116332 (D.N.J. Dec. 15, 2009), at * 15-16. In this case, Plaintiff cites to no facts demonstrating affirmative misconduct. On the contrary, all e-mails provided in Plaintiff's exhibits demonstrate efforts by the adjuster and the carrier to resolve Plaintiff's claims and request additional information needed to prepare his Proof of Loss form. It was only after additional information was requested by the Claim Examiner in Plaintiff's case that Plaintiff decided to file his own Proof of Loss form. At most, the record supports the conclusion that the adjuster and other claim processors were communicating poorly or even engaged in negligent claim handling, but such conduct does not rise to the level of affirmative misconduct. See Phelps v. FEMA, 785 F.2d 13 (1st Cir. 1986) (rejecting plaintiff's estoppel claim despite the fact that government representatives erroneously assured plaintiff that he did not have to file a proof of loss); Crisci v. United States, 2009 U.S. Dist. LEXIS 86095 (W.D. Pa. Sept. 21, 2009)(noting

that affirmative misconduct is more than "mere omission, negligent failure, or erroneous oral advice"); <u>Miller v. Selective Insurance Company of America</u>, 2009 U.S. Dist. LEXIS 1116332 (finding that plaintiff's estoppel argument based on adjuster's representations and advice failed because misrepresentations not egregious enough to estop government agents from strictly enforcing the law).

As a result, under any theory proffered by Plaintiff, the uncontested fact that he failed to timely submit his Proof of Loss form to Standard Fire with respect to the March 7, 2011 damage—a condition precedent to Standard Fire's obligations under the SFIP—precludes Plaintiff's claim for benefits under that claim as a matter of law.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Judgment on the Pleadings with regard to Count III of Plaintiff's Amended Complaint is **GRANTED**.  An appropriate Order accompanies this Opinion.


DATED: November 28, 2011              /s/ Jose L. Linares
                                      United States District Judge